# IN THE UNITED STATES DISTRICT COURT
## OF THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

MARK A. MCGRATH,      )
                  )
     Plaintiff,      )
                  )
  v.                )     **Case No. 17-cv-03095**
                  )
LIBERTY LIFE ASSURANCE  )
COMPANY OF BOSTON,    )
                  )
     Defendant.    )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Liberty Life Assurance Company of Boston's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (d/e 5). Defendant's motion is GRANTED. Plaintiff Mark A. McGrath's Complaint is DISMISSED WITHOUT PREJUDICE.

## I. BACKGROUND

The majority of the following facts come from Plaintiff's Complaint (d/e 1). The Court accepts these facts as true in ruling on a motion to dismiss. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008). Additional facts come from the benefit denial

letter, dated April 21, 2005, sent by Defendant to Plaintiff, a copy of which is attached as Exhibit A to Defendant's memorandum of law in support of its motion to dismiss. Although not attached to Plaintiff's Complaint, the benefit denial letter is referenced in the Complaint, <u>see</u> Complaint, ¶ 13, and is a document critical to the Complaint. Therefore, the Court can consider the denial letter in ruling on Defendant's motion to dismiss. <u>See</u> <u>Phillips v. Prudential Ins. Co. of Am.</u>, 714 F.3d 1017, 1019-20 (7th Cir. 2013).

Plaintiff, a supply chain manager for Safran USA from September 1996 through December 2013, was a participant of the Safran USA Long Term Disability Plan (Safran Plan). The Safran Plan was underwritten and administered by Defendant.

On October 26, 2013, Plaintiff's medical impairments prevented him from performing his work activity. Plaintiff applied to Defendant for disability benefits and received said benefits from April 25, 2014, to April 21, 2015.[1] In addition, Plaintiff applied for Social Security disability benefits. On August 11, 2014, the Social

---

[1] Although Plaintiff alleges that he received disability benefits until April 24, 2016, <u>see</u> Complaint, ¶¶ 8, 10, the benefit denial letter from Defendant notes that benefits would not be paid beyond April 21, 2015. <u>See</u> Benefit Denial Letter (d/e 6-1), at 1. Plaintiff acknowledges that the denial of his benefits occurred on April 21, 2015. <u>See</u> Complaint, ¶ 13.

Security Administration determined that Plaintiff was disabled under sections 216(i) and 223(d) of the Social Security Act beginning on October 26, 2013.  Although Defendant was aware of the Social Security Administration's decision, Defendant sent Plaintiff a benefit denial, dated April 21, 2015.  The benefit denial letter stated that Defendant had determined that disability benefits were not payable to Plaintiff beyond April 21, 2015.  Benefit Denial Letter (d/e 6-1), at 1.  The denial letter also stated that any written request for review of Defendant's decision had to be sent within 180 days of Plaintiff's receipt of the letter.  Id. at 6.

Plaintiff did not send a request for an administrative review to Defendant within 180 days of the April 21, 2015, denial.  After the administrative review deadline had passed, Plaintiff's attorney contacted Defendant and requested a voluntary administrative review.  Defendant's representative could not guarantee the review requested.

On April 6, 2017, Plaintiff filed a Complaint (d/e 1), asserting a claim under the Employee Retirement Income Security Act of 1974 (ERISA).  Plaintiff seeks the payment of disability benefits by Defendant pursuant to the terms of the Safran Plan.  On April 21,

2017, Defendant filed its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's Complaint must be dismissed because Plaintiff failed to exhaust his administrative remedies before filing this suit.  Plaintiff did not file a response to the motion to dismiss.

## II. <u>JURISDICTION</u>

As Plaintiff's ERISA claim is one by a plan participant to recover benefits due to him under the terms of a disability plan offered by his employer, this Court has subject matter jurisdiction over the claim.  <u>See</u> 29 U.S.C. § 1132(e)(1).  Additionally, the Court has subject matter jurisdiction over Plaintiff's ERISA claim because it is based on federal law.  <u>See</u> 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

## III. <u>LEGAL STANDARD</u>

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).  Plausibility means alleging factual content that allows a court to reasonably infer that the defendant is liable for the alleged

misconduct.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  A plaintiff's complaint must suggest a right to relief, "raising that possibility above a speculative level."  Kubiak v. City of Chicago, 810 F.3d 476, 480 (7th Cir. 2016).  "[A] plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses."  Independent Trust Corp. v. Stewart Information Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012).  However, if the plaintiff's complaint "sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate."  Id.

When faced with a Rule 12(b)(6) motion to dismiss, the Court "accept[s] as true all of the well-pleaded facts in the complaint and draw[s] all reasonable inferences in favor of the plaintiff."  Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016).  However, "legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth."  McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011).

## IV. ANALYSIS

The text of 29 U.S.C. § 1132, which provides for civil actions to redress violations of ERISA, "does not address whether a claimant

must exhaust [his] administrative remedies before filing suit in federal court." Gallegos v. Mount Sinai Med. Ctr., 210 F.3d 803, 807 (7th Cir. 2000). However, the Seventh Circuit has "interpreted ERISA as requiring exhaustion of administrative remedies as a prerequisite to bringing suit under the statute." Edwards v. Briggs & Stratton Ret. Plan, 639 F.3d 355, 360 (7th Cir. 2011); Zhou v. Guardian Life Ins. Co. of Am., 295 F.3d 677, 679 (7th Cir. 2002) ("As a pre-requisite to filing suit, an ERISA plaintiff must exhaust his internal administrative remedies."). Dismissal is warranted if a plaintiff has failed to exhaust administrative remedies. Greene v. Meese, 875 F.2d 639, 643 (7th Cir. 1989).

"[A]n ERISA claimant's failure to file a timely administrative appeal from a denial of benefits is one means by which a claimant may fail to exhaust [his] administrative remedies." Edwards, 639 F.3d at 362 (internal quotation marks omitted). "[C]ourts may excuse a failure to exhaust administrative remedies where there is a lack of meaningful access to review procedures, or where pursuing internal plan remedies would be futile." Schorsch v. Reliance Standard Life Ins. Co., 693 F.3d 734, 739 (7th Cir. 2012) (internal quotation marks omitted).

Here, Plaintiff freely admits that he did not exhaust his administrative remedies before filing his Complaint.  The benefit denial letter informed Plaintiff that a request for an administrative review had to be sent in writing to Defendant within 180 days of Plaintiff's receipt of the letter.  But Plaintiff did not request an administrative review within that 180-day period.  Complaint, ¶ 13. In addition, Plaintiff's Complaint contains no factual allegations suggesting that Plaintiff had no access to meaningful administrative review or that his pursuit of administrative review would have been futile.  Although Plaintiff's attorney contacted Defendant after the review deadline to request a voluntary administrative review and was told that review could not be guaranteed, Defendant's failure to assent to Plaintiff's request does not amount to a lack of access to review procedures.  See Ames v. Am. Nat. Can Co., 170 F.3d 751, 756 (7th Cir. 1999).

Because Plaintiff has failed to exhaust his administrative remedies, his Complaint must be dismissed.  However, the Court's dismissal of Plaintiff's Complaint is WITHOUT PREJUDICE so that Plaintiff has an opportunity to plead additional facts relevant to the issue of whether Plaintiff is excused from exhausting administrative

remedies.

## V. <u>CONCLUSION</u>

For the foregoing reasons, Defendant Liberty Life Assurance Company of Boston's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (d/e 5) is GRANTED. Plaintiff Mark A. McGrath's Complaint (d/e 1) is DISMISSED WITHOUT PREJUDICE. Plaintiff is given 21 days from the date of this Opinion to file an amended complaint. If Plaintiff does not file an amended complaint within the time allotted, this case will be CLOSED.

ENTER: March 29, 2018

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE